IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

| | | |
|---|---|---|
| CHEVRON U.S.A. INC., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | 1:09CV232 |
| | ) | |
| CHRISTIAN LAETTNER, THOMAS | ) | |
| NIEMANN and BRIAN K. DAVIS, | ) | |
| | ) | |
| Defendants. | ) | |

MEMORANDUM OPINION AND ORDER

This matter is before the Court on a Motion to Compel Production of Documents and for Sanctions [Doc. #37] filed by Plaintiff, Judgment Creditor Chevron U.S.A. Inc ("Plaintiff"). In its Motion, Plaintiff asks the Court to compel Defendants, Judgement Creditors Christian Laettner ("Defendant Laettner) and Brian K. Davis ("Defendant Davis") (collectively, "Defendants") to respond to requests for production of documents. In addition, Plaintiff requests that the Court order Defendants, jointly, to pay Plaintiff's expenses, including attorney's fees, incurred in the preparation and filing of the present Motion. Neither Defendant Laettner nor Defendant Davis has responded to Plaintiff's Motion in any way. For the reasons set forth below, the Court will grant in part and deny in part Plaintiff's Motion to Compel Production of Documents and for Sanctions.

I. FACTUAL AND PROCEDURAL BACKGROUND

Plaintiff filed its Complaint on April 2, 2009, alleging that Defendants had failed to repay amounts owed under a Promissory Note that the parties executed in 2007. On December 26, 2009, the parties entered into a Settlement Agreement whereby Defendants Laettner and Davis

agreed to pay Plaintiff $2,263,974.00, in full settlement of all of Plaintiff's claims. In addition, Defendants Laettner and Davis executed an Agreement for Judgment in the amount of $2,263,974.00, which Plaintiff agreed to hold in escrow until July 6, 2010. Pursuant to the Settlement Agreement, if Defendants Laettner and Davis failed to make timely payments in the agreed-upon installment amounts, Plaintiff could, in its sole discretion, file the Judgment with the Court after July 6, 2010. Defendants Laettner and Davis failed to make *any* payments pursuant to the Settlement Agreement by July 6, 2010, and Plaintiff thereafter filed its Motion for Entry of Judgment on September 1, 2010. On September 22, 2010, the Court entered Judgment against Defendants in the amount of $2,263,974.00.

According to Plaintiff, Defendants Laettner and Davis have failed to make any payments toward the Judgment amount to date. In an effort to collect upon the Judgment, Plaintiff served multiple deposition notices and requests for production of documents on Defendants Laettner and Davis beginning in 2011.[1] Specifically, on April 29, 2011, Plaintiff served a notice of deposition and request for production of documents on Defendant Laettner at his Ponte Vedra, Florida address.[2] In addition, on May 9, 2011, Plaintiff served a notice of deposition and

---

[1] Plaintiff initially served the deposition notices and document requests on counsel for Defendants Laettner and Davis, Mr. Charles F. Carpenter. However, after the Court granted Mr. Carpenter's Motion to withdraw as counsel for Defendants, Plaintiff re-served the notices and document requests directly on Defendants Laettner and Davis, as described above.

[2] The Court notes that the Order granting counsel for Defendants' Motion to Withdraw incorrectly lists Defendant Laettner's address as 1041 Pointe Verde Blvd., Pointe Verde Beach, FL 32082. The correct address for Defendant Laettner is 1041 Ponte Vedra Blvd., Ponte Vedra, FL 32082. The evidence currently before the Court indicates that Plaintiff has at all times served Defendant Laettner with the notices and other correspondence at issue in this case at the correct Ponte Vedra address. Specifically, as discussed above, Plaintiff has presented receipts signed by Defendant Laettner upon delivery of all documents relevant to this Motion at the

request for production of documents on Defendant Davis at his Washington, D.C. address. After both Defendants failed to respond in any way, Plaintiff sent correspondence to both Defendants Laettner and Davis on June 6, 2011, postponing the previously-scheduled depositions, demanding production of the requested documents, and requesting initiation of a Local Rule 37.1 conference[3] so that the parties could attempt to address any issues with the outstanding discovery requests outside of court. When both Defendants again failed to respond, Plaintiff sent additional correspondence to both Defendants Laettner and Davis on March 28, 2012, enclosing a copy of the June 6, 2011, correspondence, again demanding production of the requested documents, and again requesting initiation of a Local Rule 37.1 discovery conference. In support of its present Motion, Plaintiff has attached certified mail receipts for each mailing in question, which were signed by Defendant Laettner or Defendant Davis upon delivery, as applicable.[4] However, Plaintiff contends that all requests have gone

---

Ponte Vedra address. Therefore, the Court finds that the incorrect spelling within Defendant Laettner's address, as initially provided by the Court, has not precluded Defendant Laettner's receipt of any documentation at issue in this case. The Court will, however, direct the Clerk's Office to correct the address listed on the docket for purposes of ensuring that Defendant Laettner continues to receive proper notice of all matters in this case.

[3] Under Local Rule 37.1, the moving party in a discovery dispute must first make efforts to arrange a conference between the parties in an attempt to resolve any disputes prior to seeking redress from the Court. Only once the moving party certifies to the Court that after "diligent attempts to resolve the differences[,] the parties are unable to reach an accord," will the Court consider motions and objections relating to discovery. M.D.N.C. R. 37.1(a). Plaintiff has filed the requisite certificate with its present Motion to Compel. (Pl.'s Mot. Ex. R [Doc. #37-19]).

[4] Plaintiff concedes that it cannot confirm receipt by Defendant Davis of the March 28, 2012, correspondence, which Plaintiff sent to the same address as all other correspondence: 2230 Massachusetts Ave., NW, Apt. 103, Washington D.C. 20008-2812. However, Plaintiff notes that delivery of the correspondence sent on May 9, 2011, and again on June 6, 2011,

3

unanswered as of the date of the present Motion. As a result, Plaintiff now requests that the Court compel Defendants Laettner and Davis to respond to Plaintiff's requests for production of documents, and that the Court order Defendants, jointly, to pay Plaintiff's expenses, including attorney's fees, incurred in the preparation and filing of the present Motion. The Court will address each part of Plaintiff's Motion in turn.

II. DISCUSSION

    A. <u>Motion to Compel</u>

"Unless otherwise limited by court order . . . [p]arties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense." Fed. R. Civ. P. 26(b)(1). In that regard, as is relevant to the present case, a judgment creditor may, in aid of the judgment, "obtain discovery from any person–including the judgment debtor," as provided by the Federal Rules of Civil Procedure. Fed. R. Civ. P. 69(a)(2). Although the Rules set forth certain limitations to even relevant discovery, the United States Court of Appeals for the Fourth Circuit has generally held that "[d]iscovery under the Federal Rules of Civil Procedure is broad in scope and freely permitted." <u>Carefirst of Md., Inc. v. Carefirst Pregnancy Ctrs., Inc.</u>, 334 F.3d 390, 402 (4th Cir. 2003). If a party fails to respond to discovery requests, as would be required under the Rules, the "party seeking discovery may move for an order compelling an answer, designation, production, or inspection." Fed. R. Civ. P. 37(a)(3)(B). In light of such a motion to compel discovery, the party who has failed to respond to the discovery requests "bears the

---

containing the same information as that sent March 28, 2012, was confirmed by Defendant Davis's signature, and Plaintiff received no response to either of those earlier correspondences.

4

burden of persuading the Court that grounds exist to withhold *any* documents responsive to the requests at issue." EEOC v. Dolgencorp, LLC, No. 1:09CV700, 2011 WL 1260241, at*13 (M.D.N.C. Mar. 31, 2011).

In the present case, Plaintiff served Defendants Laettner and Davis with requests to produce certain documents, such as Defendants' tax returns, bank accounts, investment portfolios, and documents concerning real property owned by Defendants, in order to aid Plaintiff in collecting upon the Judgment entered by the Court. Defendants, however, have failed to respond in any way to Plaintiff's repeated requests, thereby precluding the Court from even considering any objection they may have to the nature or scope of the discovery sought at this time. In light of this total lack of response to all of Plaintiff's requests, Defendants have failed to meet their burden of persuasion with respect to their bases, if any, for withholding the documents responsive to Plaintiff's requests. Accordingly, to the extent that Plaintiff, in its present Motion, requests that the Court compel Defendants to respond to Plaintiff's requests for production of documents, the Court will grant Plaintiff's request, as set forth herein. As such, the Court will order that Defendant Laettner shall respond to Plaintiff's Request for Production of Documents in Aid of Judgment, served on March 25, 2011, and again on April 29, 2011, within fourteen (14) days of the date of this Memorandum Opinion and Order. In addition, the Court will order that Defendant Davis shall respond to Plaintiff's Request for Production of Documents in Aid of Judgment, served on March 25, 2011, and again on May 9, 2011, within fourteen (14) days of the date of this Memorandum Opinion and Order.

B. Request for Expenses

In addition to asking that the Court compel Defendants to respond to Plaintiff's requests for production of documents, as discussed above, Plaintiff requests that the Court order that Defendants pay Plaintiff's expenses, including attorney's fees, related to the preparation and filing of the present Motion. Under Federal Rule of Civil Procedure 37, if a court grants a party's motion to compel discovery, "the court must, after giving an opportunity to be heard, require the party or deponent whose conduct necessitated the motion . . . to pay the movant's reasonable expenses incurred in making the motion, including attorney's fees." Fed. R. Civ. P. 37(a)(5)(A). However, the court must not order payment of such expenses if "([1]) the movant filed the motion before attempting in good faith to obtain the disclosure or discovery without court action; ([2]) the opposing party's nondisclosure, response, or objection was substantially justified; or ([3]) other circumstances make an award of expenses unjust." Fed. R. Civ. P. 37(a)(5)(A)(i)-(iii).

Because the Court will grant Plaintiff's Motion to Compel, as set forth above, the Court must determine whether any of the exceptions to ordering payment of expenses, including attorney's fees, apply to this case. However, before the Court can make any such determinations, the Court must afford Defendants an opportunity to be heard on the nature and scope of the expenses sought by Plaintiff in this matter. See Fed. R. Civ. P. 37(a)(5)(A). Therefore, to the extent that Plaintiff, in its present Motion, asks that the Court order Defendants to pay Plaintiff's reasonable expenses, including attorney's fees, the Court will deny Plaintiff's request at this time, without prejudice to Plaintiff raising its request for expenses in a separate Motion, as set forth below. In that regard, the Court will order that on or before July

6

23, 2012, Plaintiff shall file with the Court a separate Motion for Expenses setting forth an itemized list of its expenses, including attorney's fees, incurred in the preparation and filing of the Motion to Compel Production of Documents and for Sanctions [Doc. #37], and setting forth a detailed explanation as to the reasonableness of those expenses. The Court will further order that Defendants shall file a Response to Plaintiff's Motion for Expenses on or before July 30, 2012. In addition, to the extent that the Court deems it necessary, the Court will schedule a hearing on the Motion for Expenses for August 9, 2012.

IT IS THEREFORE ORDERED that Plaintiff's Motion to Compel Production of Documents and for Sanctions [Doc. #37] is hereby GRANTED IN PART and DENIED IN PART, as set forth herein. Specifically, to the extent that Plaintiff seeks a Court Order to compelling Defendants to respond to Plaintiff's requests for production of documents, Plaintiff's Motion is hereby GRANTED. As such, IT IS ORDERED that Defendant Laettner shall respond to Plaintiff's Request for Production of Documents in Aid of Judgment, served on March 25, 2011, and again on April 29, 2011, within fourteen (14) days of the date of this Memorandum Opinion and Order. IT IS FURTHER ORDERED that Defendant Davis shall respond to Plaintiff's Request for Production of Documents in Aid of Judgment, served on March 25, 2011, and again on May 9, 2011, within fourteen (14) days of the date of this Memorandum Opinion and Order.

IT IS FURTHER ORDERED that to the extent that Plaintiff asks that the Court order Defendants to pay Plaintiff's reasonable expenses, including attorney's fees, Plaintiff's Motion is hereby DENIED WITHOUT PREJUDICE to Plaintiff raising its request for expenses in a

7

Case 1:09-cv-00232-JAB-PTS   Document 39   Filed 07/03/12   Page 7 of 8

separate Motion. In that regard, IT IS ORDERED that on or before July 23, 2012, Plaintiff shall file with the Court a separate Motion for Expenses setting forth an itemized list of its expenses, including attorney's fees, incurred in the preparation and filing of the Motion to Compel Production of Documents and for Sanctions [Doc. #37], and setting forth a detailed explanation as to the reasonableness of those expenses. IT IS FURTHER ORDERED that Defendants shall file a Response to Plaintiff's Motion for Expenses on or before July 30, 2012. To the extent that the Court deems it necessary, the Court will schedule a hearing on the Motion for Expenses for August 9, 2012.

FINALLY the Court hereby directs the Clerk's Office to alter the docket to reflect the correct address for Defendant Laettner as follows:

Christian Laettner, 1041 Ponte Vedra Blvd., Ponte Vedra, FL 32082.

This, the 3rd day of July, 2012.

James A. Beaty
United States District Judge